# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. PIAZZA, | CASE NO. 1:11-cv-01536-AWI-SMS |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| C.H.P. OFFICER D.R. BRACKETT, CERES DET. DEREK PERRY, | |
| Defendants. | (Doc. 4) |
| _____/ | |

Plaintiff Michael J. Piazza, proceeding *pro se* and *in forma pauperis*, moves the Court for an order appointing counsel at public expense. Having reviewed Plaintiff's motion in its entirety, this Court denies Plaintiff's motion.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U. S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part, on other grounds*, 154 F.3d 952 (1998), *cert. denied*, 527 U.S. 1035 (1999); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

///

1   In the present case, the court does not find the required exceptional circumstances. *See Rand*,
2   113 F.3d at 1525.  Even if it is assumed that Plaintiff is not well versed in the law and that he has
3   made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
4   This court is faced with similar cases almost daily.  Therefore, Plaintiff's request for the appointment
5   of counsel is **HEREBY DENIED**.

9   IT IS SO ORDERED.

10  **Dated:   October 11, 2011**                    **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE