# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. PIAZZA, ) Plaintiff, ) v. ) D. R. BRACKETT, DEREK PERRY, ) Defendants. ) _____) | 1:11-cv-01536-AWI-BAM  **SCREENING ORDER ON PLAINTIFF'S COMPLAINT**  (Doc. 1) |

**I. Introduction**

 Plaintiff Michael J. Piazza ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action against defendants D. R. Brackett, a California Highway Patrol Officer (hereinafter referred to as "Brackett"), and Derek Perry, a detective with the Ceres Police Department (hereinafter referred to as "Perry") (Perry and Brackett are collectively referred to as the "Defendants") on September 8, 2011. (Doc. 1.)

/././

/././

1

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1)-(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

In reviewing a complaint under this standard, the Court must accept as true the factual and nonconclusory allegations of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

## III. Plaintiff's claims

Plaintiff alleges that on August 25, 2008, Defendants used excessive force and "inflicted cruel and unusual punishment" in affecting Plaintiff's arrest at 1215 Glenn Avenue, Modesto, CA 95351. (Pl.'s Compl., 5, Doc. 1.) Plaintiff alleges Defendants, prior to affecting Plaintiff's arrest on August 25, 2008, towed a 1988 Ford Bronco from the Glenn avenue residence and

placed a GPS tracking device on Plaintiff's "1988 Chevy Pick-up," also located at the Glenn Avenue residence. *Id.* at 5-6.

Around 11:30 a.m. that same day, Plaintiff returned to the Glenn Avenue address to make some repairs on the 1988 Chevy Pick-Up. At that time, Plaintiff noticed the GPS device under his vehicle. Plaintiff alleges when he found the GPS device, Defendants surrounded Plaintiff at gunpoint and began to beat him while handcuffed. *Id.* Specifically, Plaintiff alleges Defendants committed the following acts against Plaintiff: Defendants tasered Plaintiff several times while Plaintiff was handcuffed; Defendants stepped on Plaintiff's face, causing a loss of Plaintiff's teeth and impaired hearing; and Defendants also employed other means of excessive force resulting in physical injury to Plaintiff. *Id.*

**IV.   Analysis**

The Civil Rights Act, 42 U.S.C. § 1983, provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the act complained of was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981). To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1993). Thus, the statute requires that there be an actual causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services,* 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

3

Construing the facts alleged as true, and in the light most favorable to the Plaintiff, Defendants conduct was an unlawful and excessive use of force, violating Plaintiff's rights under the Fourth Amendment. Thus, the complaint states a cognizable claim for relief under section 1983 against Defendants Perry and Brackett. *See Bernat v. California City Police Dept.*, 2011 WL 1103130, at *6 (E.D. Cal. Mar.22, 2011) (Wanger, J.) ("it has long been settled that gratuitous use of force against a compliant, nonthreatening suspect violates the Fourth Amendment.")

## V. Conclusion

For the reasons set forth above, the Court finds that Plaintiff's claims against Defendants Perry and Brackett under 42 U.S.C. § 1983 may proceed as those claims are sufficiently pled for purposes of pro se screening.

IT IS SO ORDERED.

Dated:   **January 9, 2012**         /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE

4