# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PIAZZA,<br><br>    Plaintiff,<br><br>v.<br><br>D.R. BRACKETT, DEREK PERRY,<br><br>    Defendants. | 11-cv-01536-AWI-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

## INTRODUCTION

Plaintiff Michael Piazza is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Title 42 of the United States Code section 1983. On January 20, 2012, Plaintiff filed a motion seeking the appointment of counsel. (Doc. 7.)[1]

## DISCUSSION

Plaintiff does not have a constitutional right to appointed counsel in this action (*Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997)), and the Court cannot require an attorney to represent plaintiff pursuant to Title 28 of the United States Code section 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct.

---

[1] This is Plaintiff's third motion to appoint counsel. (*See,* Doc.'s 4, 7.)

1

1   1814, 1816 (1989). In certain exceptional circumstances, however, the Court may request the
2   voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand v. Rowland*, 113 F.3d 1520,
3   1525 (9th Cir. 1997).  In determining whether "exceptional circumstances exist, the district court
4   must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to
5   articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (internal
6   quotations & citations omitted).

7   In his third attempt to compel the appointment of counsel, Plaintiff claims, *inter alia,* that
8   because Plaintiff is "hearing impaired" under the American With Disabilities Act, coupled with
9   Plaintiff's current incarcerated state, Plaintiff can not adequately participate in hearings
10  associated with Plaintiff's case.  (Mot. Appt. Counsel, 2: 12-20, Doc. 10.)  The Court is not
11  persuaded.  The scope of Plaintiff's hearing impairment is unknown, and Plaintiff has not
12  submitted any evidence to substantiate his status as hearing impaired under the American With
13  Disabilities Act.  Even if Plaintiff had presented this Court with such evidence, Plaintiff has not
14  presented this Court with any authority, nor has the Court located any, standing for the
15  proposition that a hearing impairment creates the "exceptional circumstances" required to request
16  voluntary assistance pursuant to Section 1915(e)(1).

17  In the present case, the Court does not find the required exceptional circumstances.  Even
18  if it is assumed that Plaintiff is not well versed in the law and that he has made serious
19  allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is
20  faced with similar cases almost daily.  At this early stage in the proceedings, the Court cannot
21  make a determination that Plaintiff is likely to succeed on the merits.  Based on a review of the
22  record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.
23  Indeed Plaintiff's claims were sufficiently plead to warrant this Court's order directing
24  Defendants to file a responsive pleading to Plaintiff's complaint.  (Doc. 9.);  *See McCoy v.*
25  *Hedgpeth*, No. 11-cv-0653-MMA-WVG,  2011 WL 2182613, *2 (S.D. Cal., June 6, 2011.)

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for the appointment of counsel is hereby DENIED. Any further requests for appointment of counsel will be denied summarily.

IT IS SO ORDERED.

Dated: **January 25, 2012**                    **/s/ Barbara A. McAuliffe**
                                                                                        UNITED STATES MAGISTRATE JUDGE