1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  MICHAEL J. PIAZZA,                          1:11-CV-01536-AWI-BAM

12              Plaintiff,                **ORDER DENYING PLAINTIFF'S**
                                          **MOTION FOR DEFAULT JUDGMENT**
13       v.                               (Doc. 48.)

14

15  D. R. BRACKETT and DEREK PERRY,

16              Defendants.

17

18       On May 2, 2013, Plaintiff, a prisoner proceeding pro se and informa pauperis, filed a motion

19  for default judgment. (Doc. 48.)  Plaintiff argues Rule 12 of the Federal Rules of Civil Procedure

20  requires Defendants to file an answer within 21 days of being served with a summons and complaint,

21  and that neither Defendant has filed an answer.

22       Plaintiff's Motion for Default Judgment is procedurally and substantively misguided.  First,

23  both Defendants filed motions to dismiss under Rule 12.  (Doc. 26, 36.)  Because Defendants' Motions

24  to dismiss were filed before an answer was due, "the time for filing an Answer is tolled until after

25  resolution of that Motion." *Azeltine v. Bank of America,* 2010 WL 6511710 (D. Ariz. 2010), citing

26  Fed. R. Civ. P. 12(a)(4).  Consequently, Defendants properly have responded to Plaintiff's Complaint

27  and Defendants are not in default.

28

Second, Plaintiff has not obtained a clerk's entry of default.  On the contrary, Plaintiff's request for a clerk's entry of default was denied.  (Doc. 44.)  Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment ....

Fed.R.Civ.P. 55(a)-(b). Defendants have appeared in this action and therefore any default, even if entered, would be defective procedurally.

Moreover, as the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir.1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); *accord Symantec Corp. v. Global Impact, Inc.,* 559 F.3d 922, 923 (9th Cir.2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment); *Cramer v. Target Corp.,* No. 1:08–cv–01693–OWW–SKO, 2010 WL 2898996, at *1 (E.D. Cal. July 22, 2010) (unpublished) ("Obtaining a default judgment in federal court is a two-step process.")

Plaintiff did not obtain a clerk's entry of default from the Clerk of Court and could not obtain entry of default.  Accordingly, plaintiff's motion for default judgment is not properly before this Court.

/ . / . /

1

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion for Default Judgment is DENIED.

IT IS SO ORDERED.

Dated:   **May 23, 2013**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

3