1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10 MICHAEL J. PIAZZA,                                   1:11-CV-01536-AWI-BAM

11             Plaintiff,                    **ORDER ON DEFENDANTS' MOTIONS
                                             TO DISMISS** (Docs. 26, 36)
12      v.

13

14 D. R. BRACKETT and DEREK PERRY,

15             Defendants.

16

17

18

19                        **I.   INTRODUCTION**

20      Plaintiff Michael J. Piazza ("Plaintiff") is a state prisoner proceeding pro se and in forma

21 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 against California Highway Patrol

22 Office D. R. Brackett ("Brackett") and Ceres Police Department Detective Derek Perry ("Perry")

23 (collectively, "Defendants"). (Doc. 1.)

24      Currently before the Court are Defendants' Motions to Dismiss.  (Doc. 26, 36.)  The Motions

25 were fully briefed, and the matter was referred to United States Magistrate Judge Barbara A.

26 McAuliffe for findings and recommendations.  (Doc. 39, 41, 46, 49.)  Having carefully considered the

27 parties' arguments and submissions, this Court GRANTS Defendants' motions to dismiss.  Plaintiff

28 shall have the opportunity to amend his Complaint.

## II.  BACKGROUND

**A.       Factual Background**

Plaintiff alleges that, on August 25, 2008, Defendants used excessive force in affecting Plaintiff's arrest at 1215 Glenn Avenue, Modesto, CA 95351.  (Pl.'s Compl. 5, Doc. 1.)

Defendants were investigating Plaintiff for automobile theft.  Plaintiff alleges Defendants, prior to affecting Plaintiff's arrest on August 25, 2008, towed a 1988 Ford Bronco from the Glenn avenue residence and placed a GPS tracking device on Plaintiff's "1988 Chevy Pick-up," also located at the Glenn Avenue residence. *Id*. at 5-6.

At or around 11:30 a.m. on August 25, 2008, Plaintiff returned to the Glenn Avenue address to make repairs on the 1988 Chevy Pick-Up.  At that time, Plaintiff noticed the GPS device under his vehicle.  Plaintiff alleges that, when he found the GPS device, Defendants surrounded Plaintiff at gunpoint and beat and tasered him while he was handcuffed and complying with the arrest. *Id*. Specifically, Plaintiff alleges Defendants tasered him multiple times while he was handcuffed until he lost consciousness.  Defendants allegedly stepped on Plaintiff's face and drove their knees into Plaintiff's back while Plaintiff was handcuffed.  Plaintiff was sent to the hospital.  As a result of Defendants' actions, Plaintiff alleges he lost fillings in his teeth and suffers impaired hearing, chronic back pain, and other medical and emotional issues. *Id*.

**B.       Procedural Background**

Plaintiff filed his Complaint on September 8, 2011 for violations of 42 U.S.C. § 1983 against Defendants.  On January 10, 2012, this Court found Plaintiff's claims to be sufficiently pled for purposes of pro se screening under 28 U.S.C. § 1915A(a).

On January 30, 2013, Brackett filed an amended motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim, and Federal Rule of Civil Procedure 12(b)(5) for insufficient service.[1]  (Doc. 26.)  Perry filed a motion to dismiss on March 6, 2013, also pursuant to Fed. R. Civ. Pro. 12(b)(6), for failure to state a claim.

---

[1] Defendant Brackett's Motion argued the U.S. Marshall failed to serve Brackett.  (Doc. 26, 5: 7-17.)  Brackett's Counsel's declaration indicates he was working with an individual in the U.S. Marshall's office to cure the service issue.  (Doc. 26, 6-10.)  On February 15, 2013, Defendant Brackett filed a "waiver of service returned executed," which states that Brackett waived service of summons in this action and received copies of the complaint.  (Doc. 33.)  Accordingly, Defendant Brackett's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) is DENIED as moot.

1    Defendants' Motions to Dismiss argue Plaintiff has not stated a claim because Plaintiff's

2    allegations demonstrate the statute of limitations has expired for Plaintiff's claims.  Plaintiff responds

3    the statute of limitations was tolled while Plaintiff was incarcerated, thus, Plaintiff has stated a claim

4    under Rule 12(b)(6).

5                                              **III.DISCUSSION**

6    **A.       Standard under Fed. R. Civ. P. 12(b)(6)**

7    A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is a challenge to the sufficiency of the

8    allegations set forth in the complaint.  A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either

9    a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

10   theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990).

11   To survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts

12   to state a claim to relief that is plausible on its face." *Bell Ail. Corp. v. Twombly*, 550 U.S. 544, 570,

13   127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads

14   factual content that allows the court to draw the reasonable inference that the defendant is liable for the

15   misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

16   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

17   possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Where a

18   complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line

19   between possibility and plausibility for entitlement to relief' *Id.* (citing *Twombly*, 550 U.S. at 557).

20   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

21   factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief" requires

22   more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

23   not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  Thus, "bare assertions ... amount[ing]

24   to nothing more than a formulaic recitation of the elements ... are not entitled to be assumed true."

25   *Iqbal*, 129 S.Ct. at 1951.  A court is "free to ignore legal conclusions, unsupported conclusions,

26   unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm*

27   *Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir.2003) (citation omitted).

28   Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to

3

plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D.Cal.1998).  In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1106 (7th Cir.1984)).

To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend.  *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc*., 911 F.2d 242, 247 (9th Cir.1990) (citations omitted).

**B.      Statute of Limitations for Section 1983 Claims**

"Federal courts apply the statute of limitations of the state in which the claim arises for 42 U.S.C. § 1983 claims." *Faile v. Geary*, 958 F.2d 376 (9th Cir. 1992) (citing *Donoghue v. County of Orange*, 848 F.2d 926, 929 (9th Cir.1987)).  "Section 1983 claims are characterized as personal injury actions for purposes of identifying the applicable statute of limitations." *Id.* (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)).  California law provides for a two year statute of limitations for personal injury, applicable to civil rights claims brought under § 1983.  Cal. Civ. P. Code § 335.1.  "A defendant raising the statute of limitations as an affirmative defense has the burden of proving the action is time barred." *California Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995).

Defendants argue that Plaintiff's 42 U.S.C. § 1983 claim is subject to dismissal as time-barred by California's statute of limitations for personal injury claims. Defendants point out and Plaintiff does not dispute that Plaintiff's claim accrued on August 25, 2008 and that Plaintiff initiated this action on September 8, 2011.  The parties also do not dispute that the applicable limitations period here is two years.  Thus, unless the statute of limitations for Plaintiff's claim is tolled, Plaintiff's claim is untimely and barred by the two-year statute of limitations.

**C.      Tolling of Section 1983 Claims**

"When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co*., 614 F.2d 677, 682 (9th Cir.

1980).  In addition, courts have an obligation, "where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 at note 1 (9th Cir. 1985) (citing *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir.1984).  This is because courts must "ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Under Cal. Civ. P. Code § 352.1, the statute of limitations is tolled if the plaintiff "is at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court" for a period of no more than two years.  Case law applying this tolling provision holds that "[e]very confinement of a person is an imprisonment." *Renteria v. City of Maywood,* 2009 WL 3297152 (C. D. Cal. 2009), quoting *Wallace v. Kato,* 549 U.S. 384, 388-89 (2007) (internal quotations omitted).  Thus, "the Ninth Circuit has held that the imprisonment provision tolls the statute of limitations for Section 1983 claims where those claims are based on allegations that police officers used excessive force in subduing the plaintiff during an arrest." *Renteria,* 2009 WL 3297152, citing *Elliot v. City of Union City,* 25 F.3d 800, 801 (9th Cir. 1994). In other words, "[t]olling under [Section] 352.1 is triggered by the plaintiff's arrest and continues while he remains incarcerated." *Choma v. Arnold,* 2012 WL 1340387 (C.D. Cal. 2012), citing *Elliot v. City Union City,* 25 F.3d 800, 802 (9th Cir. 1994).

Tolling ends when the prisoner is released from physical custody. *See Boag v. Chief of Police*, 669 F.2d 587, 589 (9th Cir.1982) (construing Oregon tolling provision similar to California's and holding tolling ceased upon prisoner's release on parole); *Williams v. Coughlan*, 244 F.2d 6, 8 (9th Cir.1957) (statute of limitations not tolled after prisoner released). A plaintiff's subsequent reincarceration does not reinstate tolling because § 352.1 tolls the limitations period only during the period of disability (i.e., incarceration) that existed at the time the cause of action accrued. *See*

Cal.Code Civ. P. § 352.1 (prisoner entitled to statutory tolling for disability of imprisonment that existed "at the time the cause of action accrued"); *see also Boag*, 669 F.2d at 589 (subsequent reincarceration does not reinstate prior disability of imprisonment for purposes of statutory tolling); *Williams,* 244 F.2d at 8 (statute tolled only during period of incarceration existing at the time cause of action accrued and not reinstated by subsequent reincarceration).  "Actual, uninterrupted incarceration is the touchstone for applying equitable tolling . . . ." *Pimentel v. County of Fresno,* 2011 WL 350288 (E.D. Cal. 2011).

Plaintiff's opposition states he was incarcerated for two years prior to filing this action, thus, the limitations period was tolled for those two years.  Defendants contend that Plaintiff waived the tolling argument because he failed to allege his prior incarceration in his complaint.  Defendants further argue that Section 352.1 permits tolling only when the claimant was imprisoned when the claim accrued, and that Plaintiff's complaint demonstrates Plaintiff was imprisoned after Plaintiff's claim accrued.

Construing the pleadings liberally and affording Plaintiff the benefit of any doubt, the Court cannot determine if tolling is appropriate.  Plaintiff's Complaint does not state whether he was imprisoned from August 25, 2008 to "two-years" before filing his Complaint. Plaintiff's Complaint does not indicate whether he was "held in continuous custody" from the date Plaintiff's cause of action accrued to the date Plaintiff filed his Complaint.  Specifically, the Court's concern is whether Plaintiff's current state of incarceration is attributable to the August 25, 2008 incident, or whether Plaintiff was imprisoned since that time for an unrelated crime.  Without knowing when Plaintiff was released for the August 25, 2008 incident (if he was at all), the Court has no way of knowing whether tolling of Plaintiff's claims is appropriate.

The Court will grant Plaintiff leave to amend his Complaint.  If Plaintiff chooses to file an amended complaint, Plaintiff will specifically state facts sufficient to support his allegations of tolling. Plaintiff is advised that an amended complaint supersedes the original complaint.  *See Forsyth v. Humana, Inc*., 114 F.3d 1467, 1474 (9th Cir. 1997), aff'd, 525 U.S. 299 (1999).  The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local

Rules of the Eastern District of California, Rule 220.  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

For the reasons discussed above, the Court ORDERS as follows:

(1)    Defendants D. R. Brackett and Derek Perry's motions to dismiss Plaintiff Michael J. Piazza's complaint under Fed. R. Civ. P. 12(b)(6) are GRANTED;

(2)    Plaintiff's Complaint is DISMISSED with leave to amend.  Plaintiff shall have thirty days from the date of this Order to file an amended complaint;

(3)    If Plaintiff fails to file an amended complaint or fail to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.


IT IS SO ORDERED.

Dated:   **June 7, 2013**                          /s/ Barbara A. McAuliffe

                                                    UNITED STATES MAGISTRATE JUDGE

7