UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. PIAZZA,<br><br>    Plaintiff,<br><br>    v.<br><br>D. R. BRACKETT, DEREK PERRY,<br><br>    Defendants. | Case No.: 1:11-cv-01536 - AWI - BAM<br><br>ORDER ON DEFENDANT BRACKETT'S MOTION TO DISMISS<br><br>ORDER ON DEFENDANT PERRY'S MOTION TO DISMISS<br><br>(Docs. 26, 36) |

## INTRODUCTION

Plaintiff Michael J. Piazza, proceeding pro se, initiated this action under title 42 United States Code section 1983, alleging that Defendants D. R. Brackett and Derek Perry had used excessive force during his arrest. Defendant Brackett moves this Court to dismiss the action, arguing that: (1) Plaintiff's complaint is time barred under California Civil Procedure Code section 335.1; and (2) service of process is insufficient. Defendant Perry moves this Court to dismiss the action based on the same grounds. Having considered the moving papers, the complaint, and the applicable law, this Court DENIES IN PART AND GRANTS IN PART Defendants' motions to dismiss. This Court also GRANTS Plaintiff leave to amend the complaint within 30 days from this order's date of service.

1

**BACKGROUND**

Plaintiff filed the complaint on September 8, 2011, alleging that on August 25, 2008, Defendants used excessive force and "inflicted cruel and unusual punishment" when effecting Plaintiff's arrest at 1215 Glenn Avenue, Modesto, CA 95351. (Pl.'s Compl., 5, Doc. 1.) Specifically, Plaintiff alleges Defendants tasered him several times while he was handcuffed, stepped on his face, and also employed other means of excessive force, causing Plaintiff to lose teeth and impairing his hearing. Id. at 5-6.

On January 30, 2013, Defendant Brackett moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff failed to state a claim upon which relief could be granted under 42 U.S.C. §1983, and pursuant to Federal Rule of Civil Procedure 12(b)(5) on the ground that service of process was insufficient. (Doc. 26.) Defendant Brackett argues that Plaintiff's civil rights claim accrued on August 25, 2008, but Plaintiff filed the complaint on September 8, 2011. Id. Defendant Brackett argues that the complaint is time barred under Cal. Civ. Proc. Code § 335.1, and therefore, the Court should dismiss it. Id. Defendant Brackett also contends that he was not properly served. Id. On October 9, 2012, the Court ordered that service be made on Defendants via mail by the Marshal. (Doc. 21.) Since neither Defendant received any mailing from the Marshal, the defense attorney called the Marshal's office on January 23, 2013 and inquired about the service package. (Doc. 26.) Defendant Brackett alleges that neither Defendant received notice of the lawsuit until the Marshal emailed the package to the defense attorney on January 24, 2013. Id. The defense attorney then requested the Marshal to revise the waiver to the date of January 24, 2013. Id. The Marshal had not done so when Defendant Brackett filed his motion on January 30, 2013. Id. Thus, Defendant Brackett contends no waiver had been signed and returned, and the lawsuit should be dismissed. Id.

On March 6, 2013, Defendant Perry moved to dismiss the action based on the same grounds. Perry alleges that although the action was filed in September 2011, he was only served on or about February 14, 2013. (Doc. 36.)

Plaintiff filed an Opposition to the motions to dismiss on March 7, 2013. (Doc. 39.) Plaintiff alleges that the complaint is not time barred because he was incarcerated for two years, which gives

1  him four years to file this action. Id. Plaintiff also alleges the Marshal's insufficient service is not his
2  mistake and therefore he should not be penalized by having his action dismissed. Id.

### LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim that would entitle her to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true even if doubtful in fact." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Id. at 663.

When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981). However, the court is not required to accept conclusory allegations, allegations contradicted by exhibits attached to the complaint, matters not subject to judicial notice, unwarranted deductions of fact, or unreasonable inferences. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

A motion to dismiss based on a statute of limitations defense is proper under Rule 12(b)(6). Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Such a motion may be granted only "if the assertions of the complaint, read with the required liberality, would not permit a plaintiff to prove that the statute was tolled." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980). A court should not dismiss a complaint without leave to amend unless a plaintiff can neither prove the timeliness of the claim nor save the complaint by amendment. See Bell Atlantic Corp., 550 U.S. at 546; Eminence Capital, LLC, 316 F.3d at 1052.

3

The court may dismiss a complaint for failure to comply with the service requirements of Rule 4 under Rule 12(b)(5). A plaintiff may be excused from Rule 4's service requirement by showing good cause. Fed. R. Civ. P. 4. Dismissal is not required if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed. Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir.1984).

## DISCUSSION

**1. Motions to Dismiss Pursuant to Rule 12(b)(6)**

The central issue in Defendants' motions to dismiss is whether Plaintiff's cause of action is timely. Plaintiff filed this complaint on September 8, 2011. Defendants claimed that the last day on which Plaintiff could have timely filed this complaint was August 25, 2010.

**A. Statute of Limitations**

Federal law determines when a cause of action accrues. Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th Cir.2000). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Accordingly, Plaintiff's cause of action accrued with his arrest on August 25, 2008.

The statute of limitations for § 1983 actions is determined by state law. Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007). Section 1983 claims are considered to be personal injury actions for statute of limitations purposes. Maldonado, 370 F.3d at 954. Effective January 1, 2003, the statute of limitations for personal injury actions in California is two years. Civ. Proc. § 335.1. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir.2004).

Defendants move to dismiss the complaint as time barred, and the Court agrees. Plaintiff has not provided sufficient facts for the Court to determine any tolling period.[1] Therefore, the limitations period applicable to this action is two years. Plaintiff's cause of action accrued on August 25, 2008. He would have had to file the claim by August 25, 2010. But he did not. He filed the complaint on

---

[1] See Infra Part 1.B.

4

September 8, 2011, more than three years after his claim accrued. The Court finds that this action is time barred.

**B. Tolling Under Cal. Civ. Proc. Code § 352.1(a) (1994)[2]**

Courts apply the forum state's law regarding tolling, including equitable tolling, except to the extent these laws are inconsistent with federal law. Jones, 393 F.3d at 927. In the current case, Plaintiff may be entitled to tolling under Civ. Proc. § 352.1(a), a disability provision that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." However, disability must exist when right of action accrued. Cal. Civ. Proc. Code § 357 (2013). The Ninth Circuit has considered § 352.1(a) in the context of an arrest and decided that that limitations period for § 1983 claims arising out of arrest tolls during entire uninterrupted period of incarceration, commencing at the time of arrest. Elliott v. City of Union City, 25 F.3d 800, 801 (9th Cir. 1994). Effective January 1, 1995, disability of imprisonment can only toll the limitations period for a maximum of two years. Ellis v. City of San Diego, Cal., 176 F.3d 1183, 1189 (9th Cir. 1999); Jones, 393 F.3d at 927. Persons serving a life sentence without possibility of parole do not benefit from this tolling. Civ. Proc. § 352.1 (tolling applies to prisoners sentenced to "a term less than for life"). See Martinez v. Gomez, 137 F.3d 1124, 1126 (9th Cir.1998) (inmate serving term of life imprisonment *with* possibility of parole may claim statutory tolling).

Plaintiff's § 1983 action may have accrued with his arrest on August 25, 2008. The facts in Elliott are very similar to the facts in the current case. In Elliott, the plaintiff filed a § 1983 action alleging that the defendant police officers used excessive force during his arrest. Elliott, 25 F.3d at 801. Elliott alleged that the limitations period was tolled commencing with his arrest because from that moment on he was held in continuous custody awaiting trial. Id. at 802. The court held that tolling was triggered by the individual's arrest and incarceration. Id. The court explained that disability statutes are meant to "protect those who are incapable of protecting themselves." Id. at 803. The statutes recognize prisoners' more limited ability to investigate their claims, to contact lawyers and to avail themselves of

---

[2] On September 29, 1994, California Legislature amended former California Civil Procedure Code section 352(a)(3) to delete unlimited tolling for prisoners, and added section 352.1. This section was referred to as section 352(a)(3) in Elliott v. City of Union City, 25 F.3d 800 (9th Cir. 1994).

1    the judicial process. Id. The court reasoned that a person held in police custody prior to arraignment is
2    faced with the same limitations as someone in custody after arraignment. Id. Therefore, there is little
3    difference between being incarcerated pre-arraignment, pre-conviction or post-conviction: none of
4    these custody forms affords the prisoner a change in status with regard to his disability. Id. Finally, the
5    court concluded that the inmate who had been "continuously imprisoned since his arrest" could benefit
6    from tolling regarding claims accruing during the arrest. Id. at 802.

7        Here, if Plaintiff can prove that he remained in police custody from the time of his arrest, when
8    his excessive force claim accrued, his incarceration prior to arraignment would constitute being
9    "imprisoned on a criminal charge" within the meaning of the California disability statute and would
10   toll the statute of limitations. Even if Plaintiff was not held in continuous custody, the time he was
11   incarcerated will be tolled for a maximum of two years.

12       The problem here, is that the complaint does not provide the Court with sufficient facts to
13   determine any tolling period. When the statute of limitations defense shows on the face of the
14   complaint, the burden of alleging facts which would give rise to tolling falls upon the plaintiff. Hinton
15   v. Pac. Enterprises, 5 F.3d 391, 395 (9th Cir. 1993); Conerly v. Westinghouse Elec. Corp., 623 F.2d
16   117, 120 (9th Cir. 1980). Bare allegations, unsupported by citations to the record or additional facts,
17   will not suffice to carry this burden of proof. Here Plaintiff contends he is entitled to tolling because
18   he was incarcerated for two years. But he does not mention when he was held in custody, whether he
19   was in continuous custody from the time of his arrest through the period of incarceration, whether he
20   was sentenced to life imprisonment, whether he was legible for parole, or additional information.

21       Since the Court cannot, at this point, decide how long the limitations period was tolled,
22   Plaintiff is granted leave to amend within 30 days from this order's date of service to allege additional
23   facts to show tolling.

24   **2. Motions to Dismiss Pursuant to Rule 12(b)(5)**

25       Defendants' second contention is that due to the Marshal's improper service of process, no
26   waiver had been signed and returned, therefore, the Court should dismiss the case.

27       If a defendant is not served within 120 days after the complaint is filed, the court must dismiss
28   the action without prejudice against that defendant or order that service be made within a specified

time. Fed. R. Civ. P. 4. If a plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Id. An incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the Marshal for service of the summons and complaint. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). If a plaintiff has provided the necessary information to help effectuate service, he should not be penalized by having his or her action dismissed for failure to effect service where the Marshal or the court clerk has failed to perform the duties required under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure. Id.

In the instant case, Plaintiff is proceeding in forma pauperis. (Doc. 15.) After he had filed the required papers, the Court authorized service by the Marshal by mail and a waiver under Rule 4(d). (Doc. 21.) It appears that the Marshal did not properly serve Defendants under Rule 4 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff shall not be penalized by having his action dismissed. The Court also found that Defendants received actual notice when the defense attorney inquired about the service package, and Defendants would not be prejudiced from the defect in service. Therefore, the Court denies in part Defendants' motions pursuant to Federal Rule of Civil Procedure 12(b)(5).

### ORDER

Accordingly, the Court orders:

1.  Defendants' motions to dismiss on the ground that service of process is insufficient, filed January 30, 2013, and March 6, 2013, are DENIED.

2.  Defendants' motions to dismiss on the ground that the action is time barred, filed January 30, 2013, and March 6, 2013, are GRANTED.

3.  Plaintiff's complaint, filed on September 8, 2011, is DISMISSED WITH LEAVE TO AMEND.

4.  Plaintiff shall file an amended complaint within 30 days from this order's date of service.

IT IS SO ORDERED.

Dated:   June 19, 2013

SENIOR DISTRICT JUDGE