# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL PIAZZA,

    Plaintiff,

vs.

D.R. BRACKETT and DEREK PERRY,

    Defendants.

Case No. 11-cv-1536-BAM

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

(Docs. 82 and 85, 86)

## I. Introduction

Pending before the Court is Defendants Derek Perry (Docs. 84-85) and D.R. Brackett's (Docs. 82, 83, and 86) (collectively "Defendants") Motions for Summary Judgment. (Docs. 82 - 86).[1] The Court has considered Michael Piazza's ("Plaintiff") opposition (Doc. 90), the Defendants' Replies (Docs. 92 and 93), as well as the Court's file.[2] Upon a review of all of the pleadings, Defendants' Motions for Summary Judgment are GRANTED.

## II. Background and Undisputed Material Facts ("UMF")

Plaintiff, appearing pro se, filed this action on September 8, 2011, alleging civil rights violations under 42 U.S.C. § 1983 for excessive force by Defendants during Plaintiff's arrest. (UMF, 1; Doc. 1). The action is proceeding on a First Amended Complaint ("FAC") which alleges that on

---

[1] The Court is issuing one order addressing the two motions because the pleadings raise the same arguments and present the same evidence.
[2] The parties consented to the jurisdiction of the Magistrate Judge for all purposes. (Doc. 74, 75 and 77.)

1

August 25, 2008, Defendants used excessive force and "inflicted cruel and unusual punishment" when arresting Plaintiff. (UMF, 2; Doc. 54, pgs. 1-3).[3] Defendants have each filed a Motion for Summary Judgment contending that Plaintiff's case is barred by res judicata because Plaintiff filed a case in the Stanislaus County Superior Court arising out of the same incident, which was dismissed in July 2012. (Docs. 83 and 85).

*Allegations in the Pending FAC.*

This case arises out of an auto theft investigation. In the FAC, Plaintiff contends that prior to his arrest on August 25, 2008, Defendants towed a 1988 Ford Bronco from a residence where he was staying, located at 1215 Glenn Avenue, Modesto, CA 95351. The officers also placed a GPS tracking device on a 1988 Chevy Pick-up at the same address. *(Doc. 54, at 3-4).* At or around 11:30 a.m. on August 25, 2008, Plaintiff returned to the Glenn Avenue address to make repairs on the 1988 Chevy Pick-Up. At that time, Plaintiff noticed the GPS device under the vehicle. When he found the GPS device, Plaintiff alleges that Defendants surrounded him at gunpoint, and beat and tasered him while he was complying with the arrest. *Id*. Specifically, Plaintiff asserts Defendants stepped on Plaintiff's face, drove their knees into his back, and tasered him multiple times while he was handcuffed until he lost consciousness. Plaintiff was sent to the hospital to treat his injuries. As a result of Defendants' actions, Plaintiff contends he lost fillings in his teeth and suffers from impaired hearing, chronic back pain, and other medical and emotional issues. *Id*. Plaintiff alleges violations of the Eighth and Fourth Amendments and requests five million dollars in damages. (UMF, 3; *Id.* at 5).

///

///

---

[3] Plaintiff's initial complaint was dismissed on the basis that his claims were barred under the statute of limitations, but Plaintiff was given leave to file an amended complaint. (Docs. 53, and 55). Plaintiff filed the instant FAC, wherein he alleged he was in prison during the statute of limitations period, and therefore the statute of limitations was tolled. (Doc. 54). Defendants did not file a subsequent Motion to Dismiss.

2

*The Stanislaus Superior Court Case.[4]*

Prior to filing this case in federal court, Plaintiff was also proceeding on a Second Amended Complaint (hereinafter, "SAC") filed in the Stanislaus County Superior Court (case no. 634856) on August 31, 2009,[5] (hereinafter, "state lawsuit" or "state case") against the named Defendants in this action, as well as the Ceres Police Department and the Stanislaus County Auto Theft Task Force, (erroneously sued as "STANCATT") (UMF, 4; Doc. 83-1, pgs. 19-40 and Doc. 85-1, pgs. 19-40).  In addition to the facts outlined in the federal case above, the SAC contends the officers unlawfully took his property including the cars, a trailer, as well as personal items, and refused to return them to him. (UMF 5, Docs. 83-1, pgs. 23, 29-40; 85-1, pg. 23, 29-40).  Plaintiff alleged negligence and an "intentional tort" based on excessive force.  (UMF, 6; Doc. 83-1, pg. 22-27; Doc. 85-1, pg. 22-27; Doc. 84-4, pg. 2-4; Doc. 82-3, pgs. 5-7 ).

Defendants Perry and Brackett moved for summary judgment in the Stanislaus County Superior Court arguing that Plaintiff had not complied with the California Tort Claims Act.  The Tort Claims Act requires that a written claim be timely presented and rejected by the Victims Compensation and Government Claim Board prior to the filing of a law suit containing state law tort claims. *See*, Cal. Gov. Code §§ 905, 905.2, 945.4, 905-950.6; (UMF, 7; Doc. 83-2, pgs. 6-72; Doc. 85-1, pgs. 103-169).  The Motions for Summary Judgment were granted and judgment was entered in favor of defendants and against Plaintiff on July 27, 2012.  (UMF, 8; Doc. 83-2, pg. 74-78; 82-92 and Doc. 85-1, pgs.170-189).

---

[4] Defendants have requested that the Court take judicial notice of several court documents issued by the Stanislaus County Superior Court related to Plaintiff's case.  (Docs. 83-1; 83-2; 85-1).  A "court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *accord In re Korean Air Lines, Co., Ltd*., 642 F.3d 685, 689 n.1 (9th Cir. 2011); *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004); Fed. R. Civ. P. 201(b)(2).  Accordingly, the Court takes judicial notice of the Stanislaus County Superior Court documents. (Docs. 83-1; 83-2; 85-1).

[5] Plaintiff filed his initial complaint in the Stanislaus County Superior Court on December 4, 2008.  (Doc. 83-1, pg. 16, 85-1, pg. 16).

3

In the current case, Defendants bring these motions for summary judgment on the basis that Plaintiff's §1983 claims are barred by res judicata. Plaintiff has not presented any evidence that creates a disputed material fact. Instead, Plaintiff argues that because Defendants failed to raise res judicata as an affirmative defense in their answers, this defense cannot be properly raised in a motion for summary judgment. Plaintiff also contends that his two cases are different because the state case names two additional defendants, the Ceres Police Department and STANCATT, not named in the federal action.

### III.     Legal Standard

Summary judgment is appropriate when it is demonstrated that no genuine issue as to any material fact exists, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, "the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catret*, 477 U.S. 317, 323 (1986).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id*. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id*. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is

satisfied." *Id*. at 323.

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless*, 509 F.3d at 984 (quotation marks and citation omitted), it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

## IV. Legal Analysis

Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 93 (1980). "Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated, as well as some claims that were never before adjudicated." *Holcombe v. Hosmer* 477 F.3d 1094, 1097 (9th Cir. 2007); *Stewart v. U.S. Bancorp.*, 297 F. 3d 953, 956 (9th Cir. 2002).

The Federal Full Faith and Credit statute, 28 U.S.C. § 1738, requires federal courts to "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The Supreme Court has held that Section 1983 does not override state preclusion law and does not guarantee a litigant the right to proceed to judgment in state court and then turn to federal court for adjudication on the federal claims.[6] *Migra*, 465 U.S. at 85. Prior state judgments have full

---

[6] The Court notes that there is an exception to the *Migra* preclusion rules under *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964). In order for the *England* exception to apply, the federal court abstains from ruling on the federal claims until after the state court addresses the state law issues. The Plaintiff reserves the federal claims by informing the state court of the intention to return to the federal court on his federal claims. *Migra*, 465 U.S. at 85, n.7.
When determining whether an *England* reservation exists, the Ninth Circuit has focused on the involuntary nature of the litigant's appearance in state court as a prerequisite for the application of this reservation. *See*, *Los Altos El Granada*

preclusive effect even if the plaintiff had no opportunity to litigate the claim in a federal forum. *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1993). "In determining whether a prior state court action bars a subsequent federal action, the federal court must look to the res judicata principles of the state court in which the judgment was rendered." *Pedrina v. Chun*, 97 F.3d 1296, 1301 (9th Cir.1996). Thus, whether res judicata applies in this case will rest on the application of California law.

In California, res judicata precludes a second action if: (1) there has been a final determination on the merits; (2) on the same cause of action; (3) between the same parties or parties in privity with them. *Tensor Group v. City of Glendale*, 14 Cal. App. 4th 154, 160 (1993). California defines a cause of action as comprising "of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." *Crowley v. Katleman*, 8 Cal. 4th 666, 681 (1994). The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action. Under this doctrine, all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date. The "primary rights theory," considers: "(1) [the] primary right possessed by the plaintiff, (2)[the] corresponding primary duty devolving upon the defendant, and (3)[the] harm done by the defendant which consists in a breach of such primary right and duty. " *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir.2009)(quoting *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir.2003)). If this test is satisfied when considering the harms alleged in the first suit and the harms alleged in the second, then the same primary right is at stake even if in the later suit the plaintiff pleads different theories. "'Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different

---

*Investors v. City of Capitola*, 583 F. 3d 674, 686 (9th Cir. 2009); *United Parcel Inc., v. California Public Utilities Commission*, 77 F. 3d 1178, 1185 (9th Cir. 1196). An *England* reservation is not at issue here because Plaintiff voluntarily chose to litigate his case in state court and then voluntarily filed his federal claims in federal court. Moreover, this Court was never advised of the pending state action and did not abstain from adjudicating the federal claims.

6

legal theory or for different relief. " *Mycogen Corp. v. Monsanto Co*. 28 Cal. 4th 888, 896 (2002) (citation omitted).

Here, Plaintiff's state case and the federal claims under § 1983 both allege injuries stemming from the same incident; specifically, Defendants' use of excessive force in the course of Plaintiff's August 25, 2008 arrest. Each case named Derek Perry and D.R. Brackett as defendants. Each case alleged liability based on the same conduct and on the same injuries, and thus, each case addressed the same infringement of right. There was final judgment issued in the state case after the judge granted Defendants' Motion for Summary Judgment.[7] *Stuart v. Lilves*, 210 Cal. App. 3d 1215, 1219 (1989) (A summary judgment decision is considered a '"final and conclusive … determination on the merits.") Therefore, both the state case and the federal case allege violation of the same primary right.

The fact that Plaintiff did not raise a section 1983 claim in the state proceeding is not determinative because "the doctrine of res judicata applies not only to those claims actually litigated in the first action, but also to those which might have been litigated as part of that action." *Clark v. Yosemite Community College District*, 785 F. 2d 781, 786 (9th Cir. 1986). Plaintiff could have raised his 1983 claims in the California state court case. *Id*. Although it is commonly said that a judgment has preclusive effect only if it is on the merits, an opportunity to reach the merits is sufficient to invoke a preclusive effect. *Stewart v. U.S. Bancorp*., 297 F. 3d at 956.

Finally, Plaintiff correctly points out that individuals may file lawsuits in both state courts for negligence and intentional torts and also file a federal case alleging that police violated constitutional rights. However, a Plaintiff does not have the right to actively pursue parallel state and federal actions both to judgment simultaneously. *Ollie v.Riggin*, 848 F. 2d 1016, 1017 (9th Cir. 1988) (noting that

---

[7] Plaintiff's argument that the federal and the state case are different because the state case names two additional defendants is not persuasive. The two named Defendants in the federal action were also named in the state case and there was a final adjudication on the merits of Plaintiff's claims as to these two defendants. *See*, *Tensor Group*, 14 Cal. App. 4th at 160.

Plaintiff's 1983 action would be precluded if there had there been a final state judgment on the merits upon which res judicata could have been applied when simultaneous actions were filed). Indeed, when simultaneous actions are filed, each case proceeds on its own course, and then there is a race to judgment. *AmerisourceBergen Corp. v. Roden*, 495 F. 3d 1143, 1151 (9th Cir. 2007) (recognizing that a race to judgment is inherent in a system of dual sovereigns and noting that this fact alone does not overcome the weighty interests of federal courts exercising their jurisdiction over cases properly before them.)

In this case, the state court issued judgment first, resulting in a preclusive effect of Plaintiff's federal claims. Plaintiff fails to contradict these material facts and supporting evidence submitted by Defendants establishing that Plaintiff's § 1983 lawsuit is based on the same alleged injuries sustained during his August 25, 2008 arrest. Furthermore, Plaintiff fails to provide any legal authority or an explanation regarding how the distinctions between state and federal actions prevent the application of res judicata to bar his claims under 42 U.S.C. § 1983.

Plaintiff's argument that these Motions for Summary Judgment are improperly filed because Defendants did not raise the res judicata defenses in their answers is misplaced. A review of the answers reveals that the defense was properly pled. (Doc. 61 at ¶25 and Doc. 62 at ¶ 6). Moreover, a summary judgment motion brought pursuant to Fed. R. Civ. P. 56(c) is the proper procedural mechanism to establish claim preclusion and issue preclusion. *Robi v. Five Platters, Inc*., 918 F. 2d 1439, 1441-1442 (9th Cir. 1990).

///

///

///

///

///

**V.     Conclusion**

For the reasons set forth above, Plaintiff's case is barred by res judicata and Defendants' Motions for Summary Judgment are GRANTED.  The Clerk of the Court is directed to enter judgment in favor of Defendants Derek Perry and D.R. Brackett and against Plaintiff, Michael Piazza.  The Clerk of the Court is also directed to close this case.

IT IS SO ORDERED.

Dated:   **June 2, 2015**                             /s/ *Barbara A. McAuliffe*
                                                                     UNITED STATES MAGISTRATE JUDGE